UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NORMAN HOEWISCHER,

    Plaintiff,

vs.                                                                   CASE NO. 3:11-cv-1135-J-32TEM

PROPERTY MANAGEMENT SUPPORT, INC.,
TRUSTEE OF SADLER SQUARE LAND TRUST,

    Defendant.

_____

## O R D E R

This case is before the Court on Plaintiff's Motion to Compel a Complete Inspection of Defendant's Facility Pursuant to Rule 34, Federal Rules of Civil Procedure (Doc. #9, Motion to Compel), filed December 27, 2011. Plaintiff's counsel states that Plaintiff appeared at the Defendant's facility and commenced an inspection on December 21, 2011, but was not permitted to inspect the interior spaces/units at the facility (Doc. #9 at 2). Plaintiff's counsel also states that "Defendant refused to permit an inspection of the interior of the Facility therefore necessitating this Motion." *Id.* The Court has reviewed the instant motion and notes there is no certifying statement which would verify compliance with Local Rule 3.01(g), United States District Court, Middle District of Florida. Under Rule 3.01(g), counsel for the parties are directed:

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with

opposing counsel and (2) stating whether counsel agree on the resolution of the motion.

M.D. Fla. Loc. R. 3.01(g).

All counsel are expected to be familiar with and comply with all applicable rules of this Court. Motions to compel fall within the ambit of Rule 3.01(g). It is clear from the plain language of the rule that counsel are expected to confer with each other and attempt to resolve any disputed issue before filing a motion with the Court. In this instance, counsel have an obligation to attempt to resolve the dispute between their clients despite the inability of Plaintiff Hoewischer to agree with Defendant's corporate representative on what areas of the Defendant's facility may be inspected in this case.

With respect to Local Rule 3.01(g), the court has noted "[t]he purpose of the rule is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876 (M.D. Fla. 1996). A number of judges in the Middle District of Florida have construed the mandates of Rule 3.01(g) to "mean to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-cv-651-ORL-22A, 2000 WL 1658575 (M.D. Fla. Aug. 14, 2000); *see also, Espinal v. Professional Recovery Servs., Inc.*, No. 3:10-cv-131-J-32TEM (M.D. Fla. Oct. 29, 2010); *Lippy v. Metropolitan Cas. Ins. Co.*, No. 3:10-cv-727-J-34MCR, 2010 WL 40007035, *1 (M.D. Fla. Oct. 13, 2010); *Judkins v. Bloomers International, Inc.*, No. 8:09-cv-02538-T-17TBM, 2010 WL 2510665, *2 (M.D. Fla. Jun. 21, 2010); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-cv-947-J-34HTS, 2008 WL

5263701, *1 (M.D. Fla. Dec. 17, 2008).[1]  Many disputes are more easily resolved when the counsel actually speak with each other.

Thus, upon due consideration it is hereby **ORDERED:**

Plaintiff's Motion to Compel a Complete Inspection of Defendant's Facility Pursuant to Rule 34, Federal Rules of Civil Procedure (Doc. #9) is **DENIED without prejudice**.  The parties' counsel are encouraged to confer in an effort to resolve the outstanding disputes.  If discovery disputes remain unresolved, then upon verification of such conference counsel may file a renewed motion.

**DONE AND ORDERED** at Jacksonville, Florida this 28th  day of December, 2011.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record
    and *pro se* parties, if any

---

[1] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.