**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NORMAN HOEWISCHER, individually,

    Plaintiff,

vs.                                                            CASE NO. 3:11-cv-1135-J-32TEM

PROPERTY MANAGEMENT SUPPORT, INC.,
TRUSTEE OF SADLER SQUARE LAND TRUST,

    Defendant.
_____

**O R D E R**

    This case is before the Court on Plaintiff's Renewed Motion to Compel a Complete Inspection of Defendant's Facility Pursuant to Rule 34, Federal Rules of Civil Procedure Inspection (Doc. #11, Renewed Motion), filed January 13, 2012. Defendant filed a response in opposition (Doc. #13, Response) on January 27, 2012. Plaintiff sought leave to file a reply brief (Doc. #14), which the Court denied without prejudice (Doc. #15) on February 6, 2012. This matter is ripe for the Court's consideration.

    Plaintiff seeks an order compelling Defendant under Rule 34, Fed. R. Civ .P., to submit to an inspection of Defendant's property for Americans with Disabilities Act of 1990 ("ADA") violations, hereinafter referred to as "barriers to access."

    The property in question, Sadler Square, is a shopping plaza that contains several different businesses. The parties agreed to conduct an inspection on December 21, 2011. It appears Plaintiff's expert conducted an inspection of the exterior of the facility, the parking lot and the common areas. *See* Renewed Motion at ¶ 11. Upon completion of the inspection of the noted areas, Plaintiff's expert requested to inspect all interior tenant

spaces. *Id*. at ¶ 5. Defendant's representative declined further inspection because Plaintiff had not identified any specific interior barriers he had encountered. *See* Response at ¶¶ 5-8; *see also* Response, Exh. A.  At that point, the inspection was terminated.

Defendant argues Plaintiff's complaint fails to specifically identify any particular tenant or business he allegedly visited or any alleged barriers he encountered.  Defendant argues Plaintiff should not be permitted to inspect the interior space of every tenant in the plaza without any allegation that Plaintiff visited those tenants and encountered barriers. The scope of inspection is thus in dispute.

Rule 34(a)(2), Fed.R.Civ.P., provides that:

> Any party may serve any other party a request to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection, measuring, surveying, photographing, testing or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

Rule 26(b)(1), Fed. R. Civ. P., defines the scope of discovery stating, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense or any party."

While several courts outside of the Eleventh Circuit hold otherwise, a number of district courts in this Circuit have limited inspection to access barriers specified in the complaint. *See Harty v. SRA/Palm Trails Plaza,* 755 F.Supp.2d 1215 (S.D. Fla. 2010) (plaintiff not entitled to inspection of mobility-related barriers on defendant's property, other than those specified in his complaint); *Macort v. Goodwill Industries-Manasota*, 220 F.R.D. 377 (M.D. Fla. 2003) (limiting inspection to specific barriers to access alleged in complaint);

*Fox v. Morris Jupiter Assocs.*, 2007 WL 2819522 (S.D. Fla. Sept. 25, 2007)[1] ("Courts in the Eleventh Circuit have been more cautious, requiring a showing of plaintiff's actual knowledge of particular barriers in order for the plaintiff to have standing to challenge those barriers."); *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F.Supp.2d 1357 (S.D. Fla. 2001) ("Plaintiff's entry into the stadium does not automatically confer upon him a presumption that he was injured by any and all architectural barriers therein; his entitlement to relief depends on his showing that he was in fact injured, or subject to discrimination, as a result of the alleged violations.").

Here, Plaintiff has alleged in his complaint numerous and various violations related to parking, ramps, public use doors, restrooms and public use dressing rooms. Complaint at ¶¶ 17-18. Plaintiff further alleged this list was not exclusive. Id. However, Plaintiff did not specify at which establishments in the Sadler Square he encountered barriers, which establishments he attempted or intended to visit, or which establishments he is likely to patronize in the future.[2] As stated above, the shopping plaza contains a wide variety of establishments, and Defendant has not alleged that all of the establishments are architecturally similar so that the barriers listed in his complaint therefore encompass all establishments in the plaza. Without such information, the Court is unable to determine the proper scope of inspection with regard to the interior tenant spaces.

Furthermore, the Court finds that Plaintiff, who is bound to ambulate in a wheelchair,

---

[1] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

[2] Nor did Plaintiff identify particular businesses in his Notice of Filing Answers to Court Interrogatories (Doc. #5).

is not entitled to inspect for barriers to access which do not affect his particular disability. *See Steger v. Franco, Inc.*, 228 F.3d 889 (8th Cir. 2000) (blind plaintiff lacks standing to challenge ADA violations which do not affect the blind); *Access 4 All, Inc. v. Trump Intern. Hotel and Tower Condominium*, 458 F.Supp.2d 160, 174 (S.D.N.Y., 2006) ("Where the alleged violation does not affect a plaintiff's disability, that plaintiff is not injured and therefore has no standing to bring suit."); *Macort v. Goodwill Industries-Manasota, Inc.*, 220 F.R.D. 377 (M.D. Fla. 2003) (mobility impaired plaintiff prohibited from complaining about all types of ADA violations on behalf of all disabled individuals); *Access Now, Inc. v. South Fla. Stadium Corp.*, 161 F.Supp.2d 1357, 1364 (S.D. Fla. 2001) (mobility impaired plaintiffs lack standing as to ADA violations which affect blind and deaf); *Parr v. L&L Drive-Inn Restaurant*, 96 F.Supp.2d 1065, 1082 (D. Haw. 2000) (mobility impaired plaintiff lacks standing to challenge compliance for braille sign violations which relate to sight impaired individuals).

Accordingly, it is now hereby

**ORDERED:**

1.      Renewed Motion to Compel a Complete Inspection of Defendant's Facility Pursuant to Rule 34, Federal Rules of Civil Procedure Inspection (Doc. #11) is **DENIED**.

2.      Plaintiff may not conduct inspection of interior tenant spaces unless and until Plaintiff amends his complaint to specify which establishments on Defendant's property caused him injury in fact, unless the parties are otherwise able to agree upon which tenant spaces may be subject to inspection. If Plaintiff wishes to file an amended complaint, he must file an appropriate motion to do so.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of March, 2012.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
All Counsel of Record